UNITED STATES DISTRICT COURT   EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CHEMTREAT, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:07-CV-146 |
| | § | |
| CHEMTECH CHEMICAL SERVICES, | § | |
| LLC and TODD C. MONETTE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff ChemTreat, Inc.'s ("ChemTreat") Motion to Remand (#4). Plaintiff seeks remand to state court of its action against Defendants Chemtech Chemical Services, LLC ("Chemtech"), and Todd C. Monette ("Monette") (collectively, "Defendants") on the grounds that Defendants' removal was improper, given that Monette is a citizen of the forum state. Having reviewed the motion, the submissions of the parties, and the applicable law, the court is of the opinion that remand is warranted.

I. Background

ChemTreat provides commercial water treatment products and services to a variety of industries, including the refining, gas processing, and petrochemical industries. In 1997, ChemTreat became the sole industrial water treatment vendor at the Port Arthur Refinery (the "Refinery"). After a series of ownership changes, the Refinery is now owned by Motiva Enterprises, LLC ("Motiva"). On April 1, 2000, Motiva entered into a contract with ChemTreat, pursuant to which ChemTreat agreed to provide water treating and/or process treating products and related technical services to the Refinery for a period of five years. In September 2004, the

parties extended the term of the contract to August 2007 or August 2009, if ChemTreat met certain conditions.

In July 2006, Monette was promoted from Production Manager of Motiva's Convent Refinery in Louisiana to General Manager of the Port Arthur Refinery.  According to ChemTreat, soon after Monette arrived, ChemTreat attempted to meet with him to discuss the status of its water treatment work at the Refinery.  Monette allegedly told ChemTreat that he was "too busy" to meet with any suppliers for ninety days.  Purportedly in contravention of this representation, however, Monette asked Chemtech, one of ChemTreat's competitors and a vendor with which he had previously worked at the Convent Refinery, to perform an audit of the Refinery's water treatment processes.  In December 2006, as a result of that audit, Monette met with ChemTreat to discuss a number of performance issues.  ChemTreat responded to these concerns, claiming that any problems were not the result of its services or had already been addressed.

On January 31, 2006, Monette notified ChemTreat that its contract was being terminated, effective immediately, and that future water treatment services and products would be provided to the Refinery by Chemtech.  ChemTreat contends that it was given no specific cause for its early termination.  Rather, ChemTreat claims that Monette and Chemtech conspired to disparage ChemTreat and cause ChemTreat to be replaced at the Refinery with Chemtech.

On February 20, 2007, ChemTreat filed its original petition in the 136th Judicial District Court of Jefferson County, Texas, asserting claims of tortious interference with an existing contract, tortious interference with prospective relations, business disparagement, and civil conspiracy.  It is undisputed that ChemTreat is a Virginia corporation with its principal place of business in Virginia.  Defendant Chemtech is a limited liability company, and its members are both citizens of the State of Louisiana.  Monette is a citizen and a resident of the State of Texas.

2

On March 19, 2007, Defendants removed the case to this court on the basis of diversity of citizenship, alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Defendants assert that because Monette was fraudulently joined as a defendant to defeat removal, he should be dismissed as a party to this action and his citizenship ignored for removal purposes.  On April 5, 2007, ChemTreat filed the instant motion to remand the case to state court, contending that Monette was properly joined, and, therefore, because Monette is a citizen of Texas, removal of this case was improper.

II.    Analysis

   A.    Remand Standard

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, ___ U.S. ___, ___, 126 S. Ct. 1854, 1861 n.3 (2006); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corp. Chem. Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).  Furthermore, removal is appropriate

3

only if none of the parties properly joined and served as defendants are citizens of the state in which the action was brought.  *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. 81, 89 (2005); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 126 S. Ct. 2945 (2006); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).  Non-jurisdictional defects in the removal procedure, such as removal by an in-state defendant, however, are waived unless raised in a motion to remand within thirty days after removal.  *See* 28 U.S.C. § 1447(c); *Schexnayder v. Entergy La., Inc.*, 395 F.3d 280, 284 (5th Cir. 2004); *Denman by Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998) (citing *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991)).  A federal court cannot *sua sponte* remand a case to state court on the basis of any defect other than lack of subject matter jurisdiction.  *Texas v. Florance*, 235 F. App'x 319, 320 (5th Cir. 2007); *Schexnayder*, 395 F.3d at 284.

B.     Fraudulent Joinder

In the case at bar, although there is no dispute that the court could have originally exercised diversity jurisdiction over Plaintiff ChemTreat's cause of action, ChemTreat contends that removal was improper because Defendant Monette is a resident of the forum state, which ChemTreat brought to the court's attention in a timely filed motion to remand.  For the removal to stand, Defendants must show that Monette was improperly or fraudulently joined as a defendant to this

action.  *See Ameen v. Merck*, 226 F. App'x 363, 367-68 (5th Cir. 2007); *Crockett*, 436 F.3d at

532.  To determine whether an in-state defendant was properly joined, courts are directed to apply

the same test for improper joinder as utilized when diversity is at issue.  *See Smallwood v. Illinois*

*Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005).  The

removing party must demonstrate that the defendant was fraudulently joined by showing either

that: (1) there is actual fraud in the plaintiff's pleadings, or (2) plaintiff is unable to establish a

cause of action against the defendant in state court.  *Gasch v. Hartford Accident & Indem. Co.*,

491 F.3d 278, 281 (5th Cir. 2007); *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376

(5th Cir. 2006); *Crockett*, 436 F.3d at 532; *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th

Cir. 2006); *Guillory*, 434 F.3d at 308-09; *McDonal*, 408 F.3d at 183; *Melder v. Allstate Corp.*,

404 F.3d 328, 330 (5th Cir. 2005); *Smallwood*, 385 F.3d at 573.  The Fifth Circuit has held that

there is no difference between the terms "improper joinder" and "fraudulent joinder" in the

context of removal jurisdiction.  *See Smallwood*, 385 F.3d at 571 n.1.

A determination of fraudulent joinder must be based on an analysis of the causes of action

alleged in the complaint at the time of removal.  *See Manguno*, 276 F.3d at 723 (citing *Cavallini*

*v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).  Where the defendant

maintains that federal jurisdiction is proper, the court must evaluate all the factual allegations in

the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all

contested issues of substantive fact in favor of the plaintiff, and then examine relevant state law

and resolve all uncertainties in favor of the nonremoving party.  *See Gasch*, 491 F.3d at 281; *Ross*

*v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003), *cert. denied*, 546 U.S. 813 (2005);

*Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Great Plains Trust Co. v. Morgan Stanley Dean*

*Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).   Furthermore, the "'court must normally assume all the facts as set forth by the plaintiff to be true.'"  *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984)).   While a court, when considering allegations of fraudulent joinder, should refrain from pre-trying the case or conducting an evidentiary hearing, it may utilize a summary judgment-type procedure that allows it to "pierce the pleadings" and consider affidavits and deposition testimony.  *Great Plains Trust Co.*, 313 F.3d at 311; *accord Ameen*, 226 F. App'x at 369; *Guillory*, 434 F.3d at 309-10; *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).   "Post-removal filings may not be considered, however, when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court."  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)(citing *Cavallini*, 44 F.3d at 263).

   In the instant case, because Defendants do not claim actual fraud in ChemTreat's pleadings, they must demonstrate that there is "no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385 F.3d at 573; *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007); *Holder*, 444 F.3d at 387; *McDonal*, 408 F.3d at 183.   "In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so."  *Rodriguez v. Sabatino*, 120 F.3d 589, at 591 (5th Cir. 1997); *see Guillory*, 434 F.3d at 308-09; *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996); *Burden*, 60 F.3d at 216.   "'If that

possibility exists, a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law.'" *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968)); *accord Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 43 (5th Cir. 1992). "This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co.*, 313 F.3d at 312 (citing *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)); *accord Boone*, 416 F.3d at 388; *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004); *Travis*, 326 F.3d at 648. "'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder,'" and the case must be remanded. *Great Plains Trust Co.*, 313 F.3d at 312 (quoting *Badon*, 236 F.3d at 286 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993))); *see Gray*, 390 F.3d at 402; *Smallwood*, 385 F.3d at 589-90.

In assessing whether a plaintiff could possibly establish a claim against a defendant, the court must apply the law of the state in which the action was brought—in this case, Texas. *See Gasch*, 491 F.3d at 282; *Travis*, 326 F.3d at 647; *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000). "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701; *see Burden*, 60 F.3d at 218-21.

Here, ChemTreat asserts claims against Monette for tortious interference with prospective business relationships, business disparagement, and civil conspiracy. Defendants argue that all of ChemTreat's causes of action fail as a matter of law. As discussed below, however, the court is of the opinion that, under Texas law, ChemTreat has an arguable basis for recovery on its claim

7

against Monette for civil conspiracy.   Thus, the court need not consider the viability of ChemTreat's other causes of action.

      C.    <u>Civil Conspiracy</u>

      "Civil conspiracy under Texas law is 'a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.'" *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 172 (5th Cir. 2000), *cert. denied*, 532 U.S. 1051 (2001) (quoting *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 856 (Tex. 1968)); *accord Murray v. Earle*, 405 F.3d 278, 293 (5th Cir. 2005); *Elliott v. Tilton*, 89 F.3d 260, 264 (5th Cir. 1996); *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 583 (Tex. 2001).   The elements of a civil conspiracy claim are: "'(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.'" *Murray*, 405 F.3d at 293 (quoting *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)); *accord Apani Sw., Inc. v. Coca-Cola Enters., Inc.*, 300 F.3d 620, 635 (5th Cir. 2002); *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).

      "'[A] general allegation of conspiracy[,] without a statement of the facts constituting that conspiracy, is only an allegation of a legal conclusion and is insufficient to constitute a cause of action.'" *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 631-32 (5th Cir. 1999) (quoting *McClenaghan v. Union Stock Yards Co. of Omaha*, 298 F.2d 659, 663 (8th Cir. 1962)); *accord American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 666 n. 16 (5th Cir. 2004).   Although the pleading of detailed evidence is not required, "the complaint must contain sufficient information to show that a valid claim for relief has been stated and to enable

the opponent to prepare adequate responsive pleadings." *Guidry*, 188 F.3d at 632. Civil conspiracy may be proven entirely by circumstantial evidence. *See Paschal v. Great Western Drilling, Ltd.*, 215 S.W.3d 437, 453 (Tex. App.—Eastland 2006, pet. denied); *Greenberg Traurig of New York v. Moody*, 161 S.W.3d 56, 89 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Alford v. Thornburg*, 113 S.W.3d 575, 588 (Tex. App.—Texarkana 2003, no pet.) (citing *Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 278 (Tex. 1995)). Such evidence, however, must amount to more than mere suspicion. *See id.* (citing *Transport Ins. Co.*, 898 S.W.2d at 278).

ChemTreat alleges all the elements of a civil conspiracy in its petition. ChemTreat's allegation that Monette and Chemtech participated in the conspiracy satisfies the first element. Second, ChemTreat asserts that Defendants unlawfully sought to remove ChemTreat as the Refinery's water treatment services and products vendor and replace it with Chemtech. Third, ChemTreat alleges a meeting of the minds among Defendants. Fourth, ChemTreat pleads that Chemtech and Monette illegally published disparaging and false words about ChemTreat's economic interests and that they tortiously interfered with its prospective business relations with Motiva. Finally, ChemTreat claims damages as a result of the conspiracy. Therefore, ChemTreat's petition adequately pleads a cause of action for civil conspiracy under Texas law. *See Murray*, 405 F.3d at 293.

Despite the facial sufficiency of ChemTreat's complaint, Defendants argue that ChemTreat has no reasonable possibility of recovery as to its derivative conspiracy claims. In essence, Defendants contend that because Monette cannot be held directly liable for tortious interference or business disparagement, he likewise cannot be held indirectly liable for these torts by means

of a civil conspiracy claim.  Even assuming *arguendo* that ChemTreat has no viable substantive law claims against Monette, however, the court finds that Texas law is not so clear on this issue as Defendants would have it believe.  *See Motal v. Guidant Corp.*, No. C-05-390, 2005 WL 2277642, at *2 (S.D. Tex. Sept. 16, 2005).

In *Tilton v. Marshall*, the Texas Supreme Court held that "a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable."  925 S.W.2d 672, 681 (Tex. 1996).  Upon an initial reading, this ruling appears to refute the position maintained by Defendants, as Chemtech could arguably be held liable for at least one of the torts alleged.  Texas appellate courts, however, have yet to reach a consensus as to how *Tilton* should be interpreted and applied, creating a split of authority within the Texas court system.

Historically, the Texas Supreme Court has favored an expansive view of civil conspiracy liability.  In *Caroll v. Timmers Chevrolet, Inc.*, the court opined that "civil conspiracy 'came to be used to extend liability in tort beyond the active wrongdoer to those who have merely planned, assisted, or encouraged his acts.'"  592 S.W.2d 922, 925 (Tex. 1979) (quoting W. PROSSER, HANDBOOK OF THE LAW OF TORTS § 46, at 293 (1971)).  The court held that "once a conspiracy is proven, each co-conspirator 'is responsible for all acts done by any of the conspirators in furtherance of the unlawful combination.'"  *Id.* (quoting *Texas v. Standard Oil Co.*, 107 S.W.2d 550, 559 (Tex. 1937)).  Reaffirming this ruling in 2002, the Texas Supreme Court explained, "[a]ll the plaintiff must show for the alleged conspirators to be held jointly and severally liable is that they acted 'in pursuance of the common purpose of the conspiracy.'"  *Bentley v. Bunton*, 94 S.W.3d 561, 619 (Tex. 2002) (quoting *Carroll*, 592 S.W.2d at 928).

10

Notably, the Texas Supreme Court's discussion of civil conspiracy in *Tilton* cites exclusively to its previous holding in *Caroll*. *See Tilton*, 925 S.W.2d at 681. Consequently, multiple Texas appellate courts have indicated that in order to understand *Tilton* properly, its holding should be read in conjunction with the broad view of civil conspiracy espoused in *Carroll* and its progeny. *See, e.g.*, *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 448 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Murphy v. American Rice, Inc.*, No. 01-03-01357-CV, 2007 WL 766016, at *17 (Tex. App.—Houston [1st Dist.] Mar. 9, 2007); *Cotten v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 701 (Tex. App.—Fort Worth 2006, pet. denied); *In re Arthur Andersen LLP*, 121 S.W.3d 471, 481-82 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Laparade v. Rivera*, No. 01-99-00723-CV, 2002 WL 992562, at *9 (Tex. App.—Houston [1st Dist.] May 16, 2002). Courts adhering to this method of analysis hold that a plaintiff need not show that each defendant is individually liable for an underlying tort. *Cotten*, 187 S.W.3d at 701; *In re Arthur Anderson LLP*, 121 S.W.3d at 482. Rather, to prevail on a civil conspiracy claim against a particular defendant, a plaintiff need only prove that: (1) at least one named defendant committed a tortious act, and (2) the defendant at issue conspired to commit that tort. *Swann v. Guidant Corp.*, No. C-05-560, 2005 WL 3560627, at *2 (S.D. Tex. Dec. 29, 2005); *Murphy*, 2007 WL 766016, at *17; *Beaumont v. Basham*, 205 S.W.3d 608, 614 (Tex. App.—Waco 2006, no pet.); *In re Arthur Anderson LLP*, 121 S.W.3d at 481-82; *Toles v. Toles*, 113 S.W.3d 899, 913 (Tex. App.—Dallas 2003, no pet.); *Laparade*, 2002 WL 99562, at *9.

According to one federal district court, "[c]ommon sense supports the above interpretation of the conspiracy case law." *Motal*, 2005 WL 2277642, at *2. The court concurs that Defendants' contention that Monette must be directly liable for a substantive tort in order to be

11

indirectly liable for conspiracy "defies logic." *See id.* "If Plaintiff needed to prove that [Monette] is liable for the underlying tort . . . in order to hold [him] liable for conspiracy, then why would civil conspiracy exist as a cause of action at all?" *Id.* Such an interpretation would render civil conspiracy "utterly redundant." *Id.*

Not all Texas courts agree, however, that Defendants' interpretation of *Tilton* is illogical. On the contrary, several Texas appellate courts have paraphrased *Tilton* as stating that "a defendant's liability depends upon its participation in some underlying tort for which the plaintiff seeks to hold the defendant liable." *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 381 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Urban v. Barker*, No. 14-06-00387-CV, 2007 WL 665118, at *5 n.5 (Tex. App.—Houston [14th Dist.] Mar. 6, 2007); *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos., Inc.*, 217 S.W.3d 653, 668 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *Bailey v. Smith*, No. 13-05-085-CV, 2006 WL 1360846, at *13 (Tex. App.—Corpus Christi May 18, 2006).  These courts indicate that a proper reading of *Tilton* should be tempered with the Texas Supreme Court's statement in *International Bankers Life Ins. Co. v. Holloway* that a viable conspiracy claim "consists of acts which would have been actionable against the conspirators individually." 368 S.W.2d 567, 580 (Tex. 1963).  Some courts also argue that consideration should be given to *Trammell Crow Co. No. 60 v. Harkinson*, which held that a defendant could not be found liable for conspiracy to commit tortious interference because Section 20(b) of the Real Estate License Act barred the plaintiff's tortious interference claim.  *See* 652 S.W.2d 932, 934 (Tex. 1983).  Together with the Texas Supreme Court's ruling in *Tilton*, these cases purportedly dictate that an act cannot give rise to a conspiracy cause of action unless it can also serve as the basis for a substantive tort claim.  *See Miller*, 229 S.W.3d at 381; *Four*

*Bros. Boat Works, Inc.*, 217 S.W.3d at 668; *Bailey*, 2006 WL 1360846, at *13; *Deaton v. United Mobile Networks, L.P.*, 926 S.W.2d 756, 760 (Tex. App.—Texarkana 1996, no writ); *Harris v. Top Brass Janitorial, Carpet & Office Cleaning Corp.*, No. 05-92-02324-CV, 1993 WL 307405, at *9 (Tex. App.—Dallas July 30, 1993).

Although these cases appear to support Defendants' recitation of Texas law, the court cannot adopt such a narrow interpretation of *Tilton,* given the divergence of opinions among Texas appellate courts and the lack of clarity from the Texas Supreme Court.  When considering a motion for remand, the Fifth Circuit has mandated that federal courts must "resolve . . . all ambiguities in the controlling state law in favor of the non-removing party."  *Hart*, 199 F.3d at 246; *accord Gasch*, 491 F.3d at 281; *Ross*, 344 F.3d at 462-63; *Travis*, 326 F.3d at 649; *Great Plains Trust Co.*, 313 F.3d at 312; *Griggs,* 181 F.3d at 699.  Consequently, for the purpose of the present motion, the court must assume that, under *Tilton*, ChemTreat may hold Monette liable for civil conspiracy if it can prove that:  1) Monette and/or Chemtech committed tortious interference or business disparagement, and (2) both conspired that these tortious acts be committed.  *See Swann*, 2005 WL 3560627, at *2; *Murphy*, 2007 WL 766016, at *17; *Beaumont*, 205 S.W.3d at 614; *In re Arthur Anderson LLP*, 121 S.W.3d at 481-82; *Toles*, 113 S.W.3d at 913; *Laparade*, 2002 WL 99562, at *9.

In their notice of removal and opposition to ChemTreat's motion to remand, Defendants repeatedly contest ChemTreat's ability to hold Monette liable for the underlying torts alleged. Defendants, however, do not attack ChemTreat's substantive claims against Chemtech.  Thus, under these circumstances, Defendants have not shown that there is "absolutely no possibility that [ChemTreat] will be able to establish a cause of action against the in-state defendant."  *Cavallini,*

13

44 F.3d at 259; *see Great Plains Trust Co.*, 313 F.3d at 312; *Hart*, 199 F.3d at 246; *Griggs*, 181 F.3d at 699.  As a consequence, Defendants have failed to satisfy their heavy burden of proving fraudulent joinder.  *See Travis*, 326 F.3d at 649-50; *Hart*, 199 F.3d at 246; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751; *Burden*, 60 F.3d at 217.  Because the removing party has not adduced sufficient evidence to establish that Monette was fraudulently joined, his residence in the State of Texas prevents this court from adjudicating this lawsuit on removal.  Accordingly, this action should be remanded to the state court in which it was originally filed.

III.  <u>Conclusion</u>

An evaluation of the relevant facts and controlling law reveals that ChemTreat's action has been improvidently removed, as Defendant Monette is a citizen of the State of Texas. Consequently, ChemTreat's Motion to Remand is GRANTED.   This action will be remanded to the 136th Judicial District Court of Jefferson County, Texas.  All other motions pending in this action are dismissed as moot.

SIGNED at Beaumont, Texas, this 6th day of December, 2007.

*Marcia A. Crone*
_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE